In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2272

H.P., a minor, by and through
her father, W.P.,

*Plaintiff-Appellant*,

*v.*

NAPERVILLE COMMUNITY UNIT
SCHOOL DISTRICT #203,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17-cv-5377 — **Jeffrey T. Gilbert**, *Magistrate Judge*.

ARGUED NOVEMBER 8, 2018 — DECIDED DECEMBER 11, 2018

Before FLAUM, MANION, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. The plaintiff H.P., a minor, through
her father W.P., claims that the defendant Naperville Com-
munity Unit School District #203 violated H.P.'s rights under
the Americans with Disabilities Act and the Rehabilitation Act
by disallowing H.P. from completing high school in District

#203 after she moved to another school district. In the case below, the district court granted summary judgment to the District and denied it to H.P. We affirm.

## I. Background

The defendant Naperville Community Unit School District #203 (the District) is an Illinois public school district. One of the schools that the District operates is Naperville Central High School (NCHS), where the plaintiff H.P. attended her freshman, sophomore, and junior years of high school. In 2006, during her junior year, H.P.'s mother committed suicide and H.P. moved from her mother's home in Naperville, Illinois, which is part of the District, to her father's home in Lisle, Illinois, which is not part of the District. H.P. nonetheless completed her junior year at NCHS because the District did not immediately learn of H.P.'s change in residency.

Before the 2017-18 school year began, however, the District learned that H.P. no longer lived in the District. This happened when H.P.'s father asked the District to allow H.P. to attend her senior year at NCHS, instead of Downers Grove North High School (DGNHS), which is part of the district encompassing Lisle.

The District denied W.P.'s request because H.P. lived outside of its boundaries. Under the District's residency policy, "[a] student must establish residency within the School District boundaries in order to attend a School District School," with some exceptions not pertinent here. W.P. thereafter asked the District to waive its residency requirement to allow H.P. to attend NCHS as an accommodation for certain claimed disabilities under the Americans with Disabilities Act

(ADA), and the Rehabilitation Act, including anxiety, depression, sleep disturbances, and seizures. The District again denied the request and in September 2017, H.P. enrolled in DGNHS, where H.P. appeared increasingly despondent over attending the new school but ultimately graduated.

On July 21, 2017, H.P., through her father W.P., filed this action against the District, asserting claims for disparate impact and disparate treatment under Title II of the ADA and Section 504 of the Rehabilitation Act.[1] The district court dismissed H.P.'s disparate impact claim, but allowed her failure to accommodate claim to proceed. Thereafter, the district court granted the District's motion for summary judgment and denied H.P.'s cross-motion for summary judgment and accordingly entered judgment for the District. The court reasoned that H.P. could not show causation, *i.e.*, that but-for her alleged disability, she would have been able to obtain her requested accommodation—attending school in the District.

## II. Discussion

H.P. appeals the district court's grant of summary judgment for the District and related denial of summary judgment for her. We begin, however, with the District's motion to dismiss this appeal as moot on the basis that H.P. graduated from high school after filing this action. Mootness is a jurisdictional defect that may arise at any time. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). A "case becomes

---

[1] H.P. also sought a preliminary injunction requiring the District to enroll her in NCHS for the 2017-18 academic year, and declaratory relief on an unrelated state law claim. The district court dismissed these counts and H.P. does not appeal the district court's dismissal of these claims nor did H.P. file an amended complaint.

moot when a court's decision can no longer affect the rights of litigants in the case before them and simply would be 'an opinion advising what the law would be upon a hypothetical state of facts.'" *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (citation omitted).

We agree that H.P.'s request for injunctive relief—namely, that the court order the District to enroll H.P. at NCHS for her senior year—is moot. *Id.* at 596; *see also Ostby v. Manhattan Sch. Dist. No. 114*, 851 F.3d 677, 681–82, 687 (7th Cir. 2017). H.P. conceded this point at oral argument but contends that her request for compensatory damages is not moot, despite the case law suggesting that compensatory damages are only available for intentional discrimination, which H.P. does not allege. *E.g.*, *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 n.4 (7th Cir. 2014); *accord Strominger v. Brock*, 592 F. App'x 508, 511 (7th Cir. 2014). We need not resolve this question, however, because H.P.'s underlying claims fail.

Turning to the merits, "[w]e review a grant of summary judgment *de novo*, construing the facts and making reasonable inferences in favor of the nonmovant." *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

H.P.'s claims at issue arise under the ADA and the Rehabilitation Act, both of which "prohibit discrimination against the disabled." *Trebatoski*, 743 F.3d at 528. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a

public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Given the similarities between the statutes, we apply the same analysis to a plaintiff's claim under either one. *A.H. ex rel. Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 592 (7th Cir. 2018) (hereinafter, "*A.H.*") (citations omitted).

Regardless of a plaintiff's theory of liability, "[w]e have consistently held that the statutory language in both the Rehabilitation Act and the ADA requires proof of causation." *Id.* at 592–93 (citing *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 752 (7th Cir. 2006) (en banc)). As we explained in *A.H.*, "both statutes prohibit discrimination against individuals 'by reason of' the disability, or 'on the basis of' the disability," and this "language requires [the plaintiff] to prove 'that, 'but for' his disability, he would have been able to access the services or benefits desired.'" *A.H.*, 881 F.3d at 593 (citation omitted).

Our analysis begins and ends with the causation requirement. As the record makes clear, it is undisputed that the District disallowed H.P. from attending NCHS precisely because of its residency policy, and not because of H.P.'s alleged disability. The residency policy on its face treats identical nonresidents the same. Indeed, the only reason H.P. could not attend NCHS is because she resided outside the District—a fact unrelated to her disability. In *A.H.*, for example, we rejected a

claim that an athletic association should create special divisions for disabled runners at its championship because the plaintiff could not show that he would have been qualified if he were not disabled. *A.H.*, 881 F.3d at 592–93; *see also Wis. Cmty. Servs., Inc.*, 465 F.3d at 754–55 (rejecting claim based on denial of zoning permit where city would have denied a permit to similar entities serving non-disabled persons). Although we are sympathetic to H.P.'s unfortunate situation, her claims under the ADA and Rehabilitation Act fail for want of causation and the grant of summary judgment to the District was proper.

### III. Conclusion

We DISMISS the appeal as to H.P.'s claims for equitable relief and otherwise AFFIRM the judgment of the district court.